UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMONIQUE CORNELL
WILSON, *et al.*,

     Plaintiffs,

                                  Case No. 25-cv-13842

v.                               Hon. Matthew F. Leitman

HOLIDAY ESTATES, *et al.*,

     Defendants.

_____/

### ORDER (1) VACATING ORDER TO SHOW CAUSE (ECF No. 8), (2) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND (3) SUMMARILY DISMISSING COMPLAINT

## I

On December 1, 2025, Plaintiff Domonique Cornell Wilson filed this action on his behalf and on behalf of his minor children against Defendants Holiday Estates, Kim Brown, Jacqulin, and DTE Energy Company. (*See* Compl., ECF No. 1.) Wilson appears to allege that (1) he rented a mobile home from Holiday Estates, (2) there was a gas leak and problems with the HVAC unit in his mobile home that made him and his children ill, (3) Wilson lodged complaints about the problems with the HVAC unit with Defendants, and (4) Defendants have retaliated against Plaintiffs for raising those complaints by attempting to evict them from their home. (*See id.*) Wilson brings the following claims against the Defendants:

1

- "Negligence/Breach of Statutory Duty (State Law)";

- "Retaliation/Illegal Eviction (State & Federal Law)";

- "Violation of Federal Housing Rights (Federal Civil Rights / Fair Housing Protections"); and

- "Gross Negligence/Intentional Infliction of Emotional Distress."

## II

Plaintiffs have also filed an application to proceed *in forma pauperis* in this action. (*See* Application, ECF No. 2.)  The Court has reviewed the application and concludes that it should be granted.  It therefore **GRANTS** Plaintiffs permission to proceed *in forma pauperis*.

When a party is granted *in forma pauperis* status, the Court must screen the party's complaint and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints set forth "a short and plain statement of the claim showing that the

2

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* at 555.

### III

When the Court conducted an initial review of Plaintiffs' Complaint, it appeared to the Court that Plaintiffs had failed to state any viable federal claims against the Defendants.  The Court therefore directed Plaintiffs to show cause why their federal claims should not be dismissed (the "Show Cause Order"). (*See* Show Cause Order, ECF No. 8.)  The Court further directed Plaintiffs to "explain the basis for their federal claims against each of the named Defendants separately." (*Id.*, PageID.57.)  The Court then warned Plaintiffs that if they did "not respond to this order as [the Court] directed," the Court would dismiss their Complaint. (*Id.*)

Plaintiffs filed their response to the Show Cause Order on December 17, 2025. (*See* Resp., ECF No. 9.)  But in that response, Plaintiffs still have not identified any cognizable basis for their federal claims.  For example, while Plaintiffs seek to bring claims against the Defendants under the federal Fair Housing Act, Plaintiffs have not alleged that Defendants discriminated or retaliated against them based on any

protected category under that Act. And while Plaintiffs further say in response to the Show Cause Order that they seek to bring claims against the Defendants under 42 U.S.C. § 1983, they may not do so because all of the Defendants are private parties, and "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Finally, in their response to the Show Cause Order, Plaintiffs did not "explain the basis for their federal claims against each of the named Defendants separately" as the Court directed. (Show Cause Order, ECF No. 8, PageID.57.)

For all of these reasons, and the additional reasons explained in the Show Cause Order, the Court concludes that Plaintiffs have not stated any plausible federal claims against the Defendants. Accordingly, **IT IS HEREBY ORDERED** as follows:

- The Show Cause Order (ECF No. 8) is **VACATED**;

- Plaintiffs' application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**;

- Plaintiffs' federal claims are summarily **DISMISSED** for failure to state a claim; and

- Because the Court is dismissing all of Plaintiffs' federal claims, the Court will exercise its discretion and decline to exercise supplemental

4

jurisdiction over Plaintiffs' remaining state-law claims. *See*, *e.g.*, *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (explaining that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims"); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (noting that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well"). Those claims are therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 18, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126